# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1612V
Filed: October 24, 2017
UNPUBLISHED

|  |  |
|---|---|
| MARY MANCINA,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Tammy M. Nick, Nick Law Firm, L.C., Slidell, LA, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 5, 2016, Mary Mancina ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered an injury to her left shoulder and arm caused from the improper administration of the influenza vaccine she received on December 5, 2014. Petition at 1, ¶¶ 2, 11. On August 8, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 26).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 5, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 29). Petitioner requests attorneys' fees in the amount of $13,218.75 and attorneys' costs in the amount of $1,801.21. *Id.* In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *See* 4th Attachment to Pet. Motion (ECF No. 29-4). Thus, the total amount requested is $15,019.96.

On October 11, 2017, respondent filed a response to petitioner's motion. (ECF No. 30). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, with the exception of one of the expenses requested. Petitioner seeks reimbursement for the filing fee for her medical review complaint against the pharmacist who administered her vaccination in the amount of $200.00. *See* 3rd Attachment to Pet. Motion at 2 (entry dated 1/22/2016) and 8-9 (ECF No. 29-3); *see also* Informal Remark, dated Oct. 13, 2017 (describing the additional information regarding this expense obtained by the OSM staff attorney managing this SPU case from petitioner's counsel).

Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." § 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). For example, "research conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6. Thus, the undersigned **deducts $200.00** from the amount of costs requested.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Petitioner is awarded attorneys' fees in the amount of **$13,218.75** and attorneys' costs in the amount of **$1,601.21** for **a total award of $14,819.96.**

2

**Accordingly, the undersigned awards the total of $14,819.96[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Tammy M. Nick.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.